IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Tony B. German, a/k/a Antonio, ) | | Civil Action No. 4:11-cv-70004 |
| ) | | Criminal Action No. 4:02-cr-802 |
| Petitioner, ) | | |
| ) | | |
| vs. ) | | ORDER |
| ) | | |
| THE UNITED STATES OF AMERICA, ) | | |
| ) | | |
| Respondent. ) | | |
| _____) | | |

PROCEDURAL HISTORY

This Matter comes before the Court on the *pro se* Petitioner Tony B. German's (hereinafter "German" or "Petitioner" or "Defendant") filing of a motion pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct the sentence he received after pleading guilty to one count of conspiracy to distribute and to possess with intent to distribute a quantity of cocaine base and a quantity of cocaine. As the record reflects, on September 24, 2002, a federal Grand Jury returned an Indictment which charged the Defendant with (1) conspiracy to distribute and to possess with intent to distribute a quantity of cocaine base (commonly known as crack cocaine) and a quantity of cocaine in violation of Title 21 U.S.C. § 846; (2) the knowing use and carrying of a firearm, during and in relation to a drug trafficking crime; (which included the discharge of the firearm to cause the death of Cathy Adams through the use of the firearm, such death constituting murder as that term is defined by Title 18 U.S.C. § 1111) in violation of 18 U.S.C. §§ 2, 924(c) and 924(j)(1); and (3) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). On June 2, 2003,

1

Petitioner pled guilty, pursuant to a plea agreement, to the conspiracy charge.[1]  On April 2, 2004, Petitioner was sentenced to two hundred forty months imprisonment, to be followed by 3 years of Supervised Release.  This Judgment was signed by the Court on May 11, 2004.  (Doc. # 55).  Petitioner filed a Notice of Appeal on May 14, 2004.  The Fourth Circuit denied Defendant's appeal and affirmed this Court's sentence by unpublished per curiam opinion decided November 2, 2005.  (Doc. # 65).  On July 28, 2010, the United States of America (hereinafter "the Government") filed a motion pursuant to Rule 35(b) to reduce Defendant's sentence.  (Doc. # 70).  The Court held a hearing on the motion on August 26, 2010 and reduced Defendant's sentence to 216 months as reflected by the Amended Judgment signed on September 13, 2010.

The Petitioner, who is appearing pro se, filed the present action on January 5, 2011, alleging a single ground for relief.  (Doc. # 78).  The Government filed its response to Petitioner's motion to vacate under 28 U.S.C. § 2255 and a motion for summary judgment on January 6, 2011.  (Docs. # 82 & # 83).  Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised by Order filed January 13, 2011, that he had thirty-four days to file any material in opposition to the motion for summary judgment.  (Doc. # 84).  The Petitioner filed a response to the Government's motion for summary judgment on January 21, 2011 with additional attachments received by the Court on February 22, 2011.  (Docs. # 86 & # 87).  This matter is ready for disposition.

---

[1] Defendant's plea was accepted by U.S. Federal Magistrate Judge Thomas E. Rogers, III, pursuant to Defendant's consent. (Doc. # 48).

## 28 U.S.C. 2255

Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, 28 U.S.C. § 2255 requires Petitioner to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." This is the proof needed to allege a constitutional error. "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.' " Leano v. U.S., 334 F.Supp.2d 885, 890 (D.S.C. 2004)*(*quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a section 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's *pro se* motion, and finds that no hearing is necessary.

SUMMARY JUDGMENT STANDARD

The Government filed a response and motion for summary judgment as to the ground for relief raised by Petitioner. (Docs. # 82 & # 83). The issue in determining a motion for summary judgment is whether there exists a genuine issue of material fact. FED.R.CIV.PRO. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce specific facts showing that there is a genuine issue for trial, rather than resting upon bald assertions contained in the pleadings. FED.R.CIV.PRO. 56; see Celotex, 477 U.S. 317. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

DISCUSSION AND ANALYSIS

The Petitioner has filed this action asserting the following claim:

> Movant was sentenced as a 'Career Offender' pursuant to United States Sentencing Guidelines (USSG) § 4B1.1 in May 2004. On January 28, 2010 the United States Court of Appeals for the Sixth Circuit decided in the case: United States v. Bobby Lee McFalls, 592 F.3d, 707; 2010, a finding that Assault and Battery of a High and Aggravated Nature (ABHAN) does not categorically qualify as a crime of violence for establishing 'Career Offender' under the USSG's. Specifically, ". . .evidence before the court in the record is 'silent' on the mental state and does not establish that the conduct was purposeful and knowing and intentional. The Movant's ABHAN conviction in South Carolina in the year 1997 is equally 'silent' (see copy of State plea agreement and sentencing order attached to this motion) and Movant therefore asserts is not a predicate for 'career offender' under USSG § 4B1.1

With regards to Petitioner's first ground for relief, he alleges that his 1997 Assault and Battery of a High and Aggravated Nature conviction should not have been used as a predicate offense for Career Offender purposes under U.S.S.G. § 4b1.1 in light of the Sixth Circuit Court of Appeals' decision in <u>United States v. McFalls</u>, 592 F.3d 707 (6th Cir. 2010). Defendant asks that his sentence be corrected to reflect his non-career offender status. In its response in opposition to the Petitioner's Petition, the Government asserts as follows:

> Mr. German's petition must be denied. He asserts that under the rationale of the Sixth Circuit in <u>U. S. vs. McFalls</u>, 592 F.3d 707, (6th Cir. 2010), he should not have been deemed a "career offender" under U.S.S.G. § 4b1.1. He fails to mention that he was sentenced based on a homicide cross-reference in his case. This cross reference resulted in a base offense level of 43. His guideline range far exceeded his statutory maximum sentence of 20 years, whether or not he was a career offender. Even if the Fourth Circuit were to adopt the reasoning of the <u>McFalls</u> case, which it has not, it would have no effect on Mr. German's case. The application of the homicide cross reference was affirmed on direct appeal.

The Court will address the parties' positions in turn.

As noted, to state a claim for relief under § 2255, a defendant must prove that one of the following occurred: (1) the sentence was imposed in violation of the Constitution or laws of the

5

United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law, or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255(a). Section 2255 relief is available not only for constitutional errors, but also for violations of the laws of the United States relating to conviction or sentence. See U.S. v. Gardner, 674 F.Supp.2d 779 (W.D.Va. 2009). However,

> the scope of review of nonconstitutional error is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves "a fundamental defect which inherently results in a complete miscarriage of justice" ... or is "inconsistent with the rudimentary demands of fair procedure."
>
> United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir.1999) (quoting United States v. Addonizio, 442 U.S. 178, 185 (1979) and United States v. Timmreck, 441 U.S. 780, 784 (1979)).

Ordinarily, alleged errors in interpreting or applying the sentencing guidelines fall short of the complete miscarriage of justice showing necessary to support § 2255 relief. Mikalajunas, 186 F.3d at 496 (finding that alleged error in enhancing defendants' "offense levels for restraint of the victim is merely an allegation of an ordinary misapplication of the guidelines that does not amount to a miscarriage of justice"). Where the defendant makes "no claim of a constitutional violation; the sentence imposed was within the statutory limits; and the proceeding was not infected with any error of fact or law of the 'fundamental' character that renders the entire proceeding irregular and invalid," § 2255 relief is not warranted. Addonizio, 442 U.S. at 186. On the other hand, where the defendant demonstrates that his "conviction and sentence were no longer lawful," refusal to vacate his sentence would work a "complete miscarriage of justice," and § 2255 relief is appropriate. Id. at 187.

This Court has carefully reviewed the entire record in this case and has considered the arguments raised by Petitioner in support of his claim for relief. Upon review and consideration, this

Court finds the Government's position sufficiently persuasive and concludes that regardless of whether Petitioner's prior conviction qualifies as a predicate offense for career offender purposes, Petitioner fails to demonstrate that his sentence is unlawful.[2]

Petitioner's sentence of 240 months does not exceed the advisory guideline range to which he would have been subject even absent Career Offender status. In fact, his 240 month sentence (which is based on the statutory maximum in the case) is below his advisory guideline range when calculated without his career offender status. Petitioner's base offense level for the conspiracy count calculated pursuant to U.S.S.G. § 2D1.1(c)(11) based on amount of crack cocaine between 1 and 2 grams was 18.[3] Petitioner received a two level enhancement for a firearm under U.S.S.G. § 2D1.1(b)(1). Most significantly, pursuant to 2D1.1(d)(1), Petitioner's offense level was modified upward to 43 because he shot and killed a woman during the course of a drug deal gone bad. This offense level of 43 (after the 2D1.1(d)(1) cross reference to 2A1.1(a), First Degree Murder),[4] was higher than the offense level calculated under Chapter Four based on career offender status. Accordingly, Petitioner's adjusted offense level was not increased based on his career offender

---

[2] Based on the Court's analysis and conclusion in this case, the Court need not reach the issue of whether Defendants ABHAN conviction qualifies as a predicate offense for career offender purposes post McFalls.

[3] These calculations were based on the 2002 edition of the Guidelines Manual which was applied in this case.

[4] The Court notes that the application of the cross-reference to first degree murder was upheld on appeal by the Fourth Circuit. Additionally, in response to defendant's Booker challenge, the Fourth Circuit found that the district court was not called upon to engage in fact finding with respect to whether or not defendant engaged in the conduct that resulted in the increased offense level, as defendant admitted to the conduct that resulted in the increase in the offense level based upon the cross-reference for murder. Finally, the Fourth Circuit found that Defendant failed to establish actual prejudice from any plain error application of the mandatory guidelines.

status, but rather remained at the level dictated by the cross reference. As Petitioner received two levels off for acceptance, the total offense level, irrespective of any career offender status, was calculated to be 41. (PSR ¶¶ 24-36).

Defendant's prior adult convictions gave him a subtotal of nine Criminal History Points, and the fact that he committed his current offense while on YOA parole and within two years of his release from incarceration added another three points, for a total of 12 Criminal History Points and a Criminal History Category of V. However, because defendant was determined to be a career offender, his criminal history category was a VI. (PSR ¶¶ 42-46). Based on a total offense level of 41 and a criminal history category of VI, the guideline range for imprisonment was calculated at 360 months to Life. Even assuming defendant was not a career offender and he received the lower criminal history category of V, the guideline range for imprisonment would remain at 360 months to Life based on a total offense level of 41 and a criminal history category of V. Additionally, as the statutory maximum in defendant's was 20 years, the guideline range became 240 months regardless of any career offender classification. (PSR ¶ 68). Petitioner received a 240 month sentence of imprisonment, the statutory maximum in his case, well below the advisory guideline range in his case calculated with or without a career offender determination.

## CONCLUSION

In conclusion, after careful review and consideration, the Court finds that Petitioner's sentence does not exceed the advisory guideline range to which he would have been subject absent career offender status under § 4B1.1 and his sentence is not unlawful. For the reasons discussed herein, the Court concludes that Petitioner is not entitled to relief under § 2255. Accordingly,

8

Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED**; Respondent's motion for summary judgment is **GRANTED** (Doc. # 83), and this matter is **DISMISSED**, with prejudice.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings and 28 U.S.C. § 2253.  Applying the provisions set forth at 28 U.S.C. § 2253 (c), this Court concludes that it is appropriate to issue a certificate of appealability as to all issues raised herein.

**IT IS SO ORDERED.**

                                                    s/ Terry L. Wooten
                                    **TERRY L. WOOTEN**
                **UNITED STATES DISTRICT COURT JUDGE**

March 11, 2011
Florence, South Carolina